**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

W.D. SALES AND BROKERAGE, LLC,
a Florida Limited Liability Company, and
EMERALD COAST BROKERAGE, INC.,

Plaintiffs,

vs.                                      CASE NO. 3:08cv146-RS-EMT

BARNHILL'S BUFFET OF TENNESSEE, INC.
d/b/a BARNHILL'S BUFFET, INC.;
DYNAMIC MANAGEMENT COMPANY, LLC;
EMPAD CONSULTING, INC.; GARY SHARP;
ROBERT LANGFORD; and CRAIG BARBER,

Defendants.
_____/

**ORDER**

Before me are Defendant Dynamic Management, LLC's ("Dynamic")

Motion to Dismiss Plaintiff's Amended Complaints (Doc. 19) and Plaintiff's

Memorandum in Opposition to Defendant, Dynamic Management Company,

LLC's Motion To Dismiss (Doc. 25).

**I. Background**

Plaintiffs, both businesses, have sued Defendants for tortious interference

with business relationships under Florida law. Plaintiffs are wholesale foods

brokers representing various food suppliers. The suppliers sell food to Defendant

Barnhill's Buffet. Plaintiffs receive commissions on the sales of their suppliers' products to Barnhill's Buffet.

Plaintiffs allege that Barnhill's Buffet, its managing company (Defendant Dynamic), its consultant (Defendant Empad Consulting, LLC), and its officers and agents (the individual defendants) tortiously interfered with Plaintiffs' business relationships with the suppliers. Specifically, Plaintiffs contend that Barnhill's Buffet contacted the food suppliers represented by Plaintiffs and demanded that the suppliers terminate Plaintiffs as their agents/brokers for all transactions between the suppliers and Barnhill's Buffet. Plaintiffs allege that as a result of Defendants' actions, the suppliers terminated Plaintiffs as their agents/brokers for all business dealings with Barnhill's Buffet. Plaintiffs further contend that they lost past and future commission income on the sales of those suppliers' products to Barnhill's Buffet.

Both Plaintiffs filed separate complaints in the Escambia County, Florida, Circuit Court on April 13, 2007. The separate actions were consolidated on June 5, 2007 (Doc. 3). Plaintiffs filed amended complaints on March 10, 2008 (Doc. 3-5). The amended complaints are substantively identical, both asserting single claims for tortious interference with business relationships against Defendants. The case was removed to this court on the basis of diversity jurisdiction on April 11, 2008.

Defendant Dynamic requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Analysis

### A. Rule 12(b)(6) Standard of Dismissal for Failure to State a Claim

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief. *Twombly*, 127 S. Ct. at 1964-66 (citations omitted).  A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.  In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.  *Id*. at 1964-65 (citations omitted).

**B. Application**

Defendant Dynamic contends that dismissal is required because it did not commit a tort recognized by Florida law. To plead a claim for tortious interference with business relationships under Florida law, the complaint must allege facts to establish:

1. the existence of a business relationship, not necessarily evidenced by an enforceable contract;

2. knowledge of the relationship on the part of the defendant;

3. an intentional and unjustified interference with the relationship; and

4. damage to the plaintiff as a result of the breach of the relationship.

*KMS Restaurant Corp. v. Wendy's Int'l, Inc.*, 194 Fed. Appx. 591, 603 (11th Cir. 2006); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999); *Venezia Resort, LLC v. Favret*, 2007 WL 1364342, *3, 2007 U.S. Dist. LEXIS 33583, *9 (N.D. Fla. 2007); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994); *Tamiami Trail Tours, Inc. v. J. C. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985); *Greenberg v. Mount Sinai Med. Ctr.*, 629 So. 2d 252, 255 (Fla. 3d DCA 1993). As to the third element, this court has previously recognized that "[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Venezia Resort*, 2007 U.S. Dist. LEXIS 33583 at *10 (*citing Salit v. Ruden, McCloskey, Smith, Schuster & Russell,*

*P.A.*, 742 So. 2d 381, 386 (Fla. 4th DCA 1999); *Genet Co. v. Anheuser- Busch, Inc.*, 498 So. 2d 683, 684 (Fla. 3d DCA 1986) (stating that "[u]nder Florida law, a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with") (citations omitted)).

Here, it is obvious that Defendant Dynamic was not a stranger to the business relationships with which it allegedly interfered. Plaintiffs allege that Dynamic "manages Barnhill's Buffets on behalf of Barnhill's Buffet of Tennessee, Inc." (Doc. 3, 4, 5). Barnhill's Buffet was Plaintiffs' *customer*. Plaintiffs, as agents of the suppliers, sold food to Barnhill's Buffet. Thus, Barnhill's Buffet was a *party* to the business dealings. Barnhill's Buffet, for whatever reason, simply refused to buy food from its suppliers so long as Plaintiffs represented the suppliers. Plaintiffs have not alleged, nor do they contend in their response, that Barnhill's Buffet was obligated, contractually or legally, to continue doing business with Plaintiffs. Under no stretch of the imagination then have Plaintiffs established a plausible claim for tortious interference with business relationships against Barnhill's Buffet.

Plaintiffs allege that Defendants Barnhill's and Dynamic contacted their suppliers and urged them not to use Plaintiffs as brokers to their account. (Doc. 3, 4, 5). Significantly, however, Plaintiffs do not contend that Barber or Barnhill's Buffet urged their suppliers not to use Plaintiffs as brokers to other, non-Barnhill's

customers.  Instead, the factual allegations in the amended complaints are specific to the Barnhill's Buffet account only.  In effect, Plaintiffs are complaining that Dynamic exercised its right to discontinue to do business with Plaintiffs.  In this instance, Defendant Dynamic had a legitimate business interest (dealing directly with its suppliers or choosing to do business with someone else) that it was justified in asserting.

Although Plaintiff's Amended Complaints do not expressly claim that Dynamic was an agent of Barnhill's, it is clear from Plaintiff's allegations that Plaintiffs deem Dynamic to be an agent of Barnhill's.  Plaintiffs do not allege or suggest that Dynamic had a stake in the activities set out in the Amended Complaints separate from the principal's (Barnhill's) interest.  Under the circumstances, Dynamic, which managed Barnhill's Buffet restaurants, cannot be held liable for tortiously interfering with a business relationship to which its principal was a party. *See Venezia Resort*, 2007 U.S. Dist. LEXIS at * 14 ("As the agent of F & F Developers and Favret, Thrash cannot be held liable for tortious interference with a business relationship to which is principals were parties." citations omitted));  *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963 (Fla. 4th DCA 2002) (an agent of a corporate party to a business relationship, acting within his capacity and scope as an agent, cannot be considered to be a

separate entity outside of the relationship which can tortuously interfere with that relationship except in cases where the agent has a personal stake in the activities separate from the principal's interest).

Because Plaintiffs have failed to state a claim upon which relief can be granted against Dynamic, dismissal is required under Rule 12(b)(6). Further, because the amended complaints clearly establish that Dynamic's principal, Barnhill's Buffet, was a party to the business relationships with which Dynamic and Barnhill's Buffet allegedly interfered, amendment of the complaint is futile. Accordingly, dismissal is with prejudice.

### III. Conclusion

Defendant Dynamic's Motion to Dismiss Plaintiff's Amended Complaints (Doc. 19) is **GRANTED**. All claims asserted against Defendant Dynamic are **DISMISSED WITH PREJUDICE**.

**ORDERED** on August 22, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**