# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

W.D. SALES AND BROKERAGE, LLC,
a Florida Limited Liability Company, and
EMERALD COAST BROKERAGE, INC.,

Plaintiffs,

vs.                                              CASE NO. 3:08cv146-RS-EMT

BARNHILL'S BUFFET OF TENNESSEE, INC.
d/b/a BARNHILL'S BUFFET, INC.;
DYNAMIC MANAGEMENT COMPANY, LLC;
EMPAD CONSULTING, INC.; GARY SHARP;
ROBERT LANGFORD; and CRAIG BARBER,

Defendants.
_____/

## ORDER

Before me are Defendant Gary Sharp's Motion to Dismiss (Doc. 28), Defendant Sharp's Memorandum in Support of Motion to Dismiss (Doc. 29), and Plaintiff's Memorandum in Opposition to Defendant Gary Sharp's Motion To Dismiss (Doc. 30).

### I. Background

Plaintiffs, both businesses, have sued Defendants for tortious interference with business relationships under Florida law. Plaintiffs are wholesale foods brokers representing various food suppliers. The suppliers sell food to Defendant

Barnhill's Buffet. Plaintiffs receive commissions on the sales of their suppliers' products to Barnhill's Buffet.

Plaintiffs allege that Barnhill's Buffet, its managing company (Defendant Dynamic), its consultant (Defendant Empad Consulting, LLC), and its officers and agents (the individual defendants) tortiously interfered with Plaintiffs' business relationships with the suppliers. Specifically, Plaintiffs contend that Barnhill's Buffet contacted the food suppliers represented by Plaintiffs and demanded that the suppliers terminate Plaintiffs as their agents/brokers for all transactions between the suppliers and Barnhill's Buffet. Plaintiffs allege that as a result of Defendants' actions, the suppliers terminated Plaintiffs as their agents/brokers for all business dealings with Barnhill's Buffet. Plaintiffs further contend that they lost past and future commission income on the sales of those suppliers' products to Barnhill's Buffet.

Both Plaintiffs filed separate complaints in the Escambia County, Florida, Circuit Court on April 13, 2007. The separate actions were consolidated on June 5, 2007 (Doc. 3). Plaintiffs filed amended complaints on March 10, 2008 (Doc. 3-5). The amended complaints are substantively identical, both asserting single claims for tortious interference with business relationships against Defendants. The case was removed to this court on the basis of diversity jurisdiction on April 11, 2008.

On June 3, 2008, Defendant Craig Barber filed his Motion to Dismiss Plaintiffs' Amended Complaints (Doc. 12). Plaintiffs filed a Memorandum in Opposition to Defendant Craig Barber's Motion to Dismiss on June 17, 2008 (Doc. 15). On July 8, 2008, I entered an Order granting Defendant Craig Barber's Motion to Dismiss with prejudice (Doc. 16). On August 1, 2008, Defendant Dynamic filed its Motion to Dismiss Plaintiffs' Amended Complaints (Doc. 19). Plaintiffs filed a Memorandum in Opposition to Defendant Dynamic's Motion to Dismiss on August 19, 2008 (Doc. 25). On August 22, 2008, I entered an Order granting Defendant Dynamic's Motion to Dismiss with prejudice (Doc. 26).

Defendant Sharp requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Analysis

My Order of July 8, 2008 (Doc. 16) and my Order of August 22, 2008 (Doc. 26) are incorporated by reference in this Order. My analysis of the law remains the same.

Defendant Sharp was not a stranger to the business relationships with which he allegedly interfered. Plaintiffs allege that Sharp is an agent of Defendant Barnhill's (Doc. 3-5). Barnhill's Buffet was Plaintiffs' *customer*. Plaintiffs, as agents of the suppliers, sold food to Barnhill's Buffet. Thus, Barnhill's Buffet was

a *party* to the business dealings. Barnhill's Buffet, for whatever reason, simply refused to buy food from its suppliers so long as Plaintiffs represented the suppliers. Plaintiffs have not alleged, nor do they contend in their response, that Barnhill's Buffet was obligated, contractually or legally, to continue doing business with Plaintiffs.  Furthermore, Plaintiffs have not alleged, nor do they contend in their response, that the suppliers were obligated, contractually or legally, to continue doing business with Plaintiffs or that the alleged tortious interference by Defendants was with the contract between Plaintiffs and the suppliers.  The only allegation is that the Defendants' contact with the suppliers was a "tortious interference with the Defendants' advantageous business relationship with those suppliers." (Doc. 3-5). The general rule is that an action for tortious interference will not lie where a party interferes with an at will contract such as the one involved here.  *Ferris v. South Florida Statium Corp.*, 926 So. 2d 399, 402 (Fla. 3d DCA 2006).  *See United States Sav. Bank v. Pittman,* 80 Fla. 423, 86 So. 567, 573 (1920) (confirming that an attorney-client relationship is "at will" and may be terminated at any time with or without cause); *see also Rosenberg v. Levin,* 409 So.2d 1016, 1021 (Fla.1982) (confirming the attorney-client relationship is one in which the client enjoys a "greater freedom to change legal representatives than might be tolerated in other employment relationships");

*Greenberg v. Mount Sinai Medical Ctr. Of Greater Miami, Inc.,* 629 So.2d 252, 255 (Fla. 3d DCA 1993) (noting that "[t]he general rule is that an action for tortious interference will not lie where a party tortiously interferes with a contract terminable at will"). It is only where interference with an at will relationship is direct and unjustified that such interference is actionable. *See Perez v. Rivero,* 534 So.2d 914, 916 (Fla. 3d DCA 1988). Since there has been no allegation that the contract created a binding relationship between Plaintiffs and Barnhill's or Plaintiffs and the suppliers, Plaintiffs have failed to establish a plausible claim for tortious interference with business relationships against Barnhill's Buffet or its agent, Defendant Sharp.

Plaintiffs allege that Defendants Sharp, Langford, and Barber contacted their suppliers and urged them not to use Plaintiffs as brokers to their account. (Doc. 3-5). Significantly, however, Plaintiffs do not contend that Sharp or the other Defendants urged their suppliers not to use Plaintiffs as brokers to other, non-Barnhill's customers. Instead, the factual allegations in the amended complaints are specific to the Barnhill's Buffet account only. In effect, Plaintiffs are complaining that Sharp and Barnhill's exercised their right to discontinue doing business with Plaintiffs. In this instance, Barnhill's had a legitimate business

interest (dealing directly with its suppliers or choosing to do business with someone else) that it was justified in asserting.

As a matter of law, Defendant Sharp, as an agent for Barnhill's Buffet restaurants, cannot be held liable for tortiously interfering with a business relationship to which its principal was a party. *See Venezia Resort, LLC v. Favret*, 2007 WL 1364342, *4, 2007 U.S. Dist. LEXIS 33583, *14 (N.D. Fla. 2007) ("As the agent of F & F Developers and Favret, Thrash cannot be held liable for tortious interference with a business relationship to which is principals were parties." citations omitted));  *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963 (Fla. 4th DCA 2002) (an agent of a corporate party to a business relationship, acting within his capacity and scope as an agent, cannot be considered to be a separate entity outside of the relationship which can tortuously interfere with that relationship except in cases where the agent has a personal stake in the activities separate from the principal's interest).

 Because Plaintiffs have failed to state a claim upon which relief can be granted against Defendant Sharp, dismissal is required under Rule 12(b)(6). Further, because the amended complaints clearly establish that Sharp's principal, Barnhill's Buffet, was a party to the business relationships with which Sharp and

Barnhill's Buffet allegedly interfered, amendment of the complaint is futile. Accordingly, dismissal is with prejudice.

### III. Conclusion

Defendant Sharp's Motion to Dismiss (Doc. 28) is **GRANTED**.  All claims asserted against Defendant Sharp are **DISMISSED WITH PREJUDICE**.

**ORDERED** on September 3, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**